FILED

2016 OCT 24  PH 3: 23

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VINCENT COLONNA,

    Plaintiff,

-VS-

SYNCHRONY BANK and
ALLIED INTERSTATE, LLC,

    Defendants.
_____/

CASE NO.:

3:16-cv-1339-J-25 PDB

## COMPLAINT

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like SYNCRONY BANK and ALLIED INTERSTATE, LLC (collectively, "Defendants") from invading American citizens' privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our

1

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2),

as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Jacksonville, Duval County, Florida.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Plaintiff is a "consumer" as defined in Florida Statute §559.55(8).

12. Defendant, SNYCHRONY BANK, is a corporation with its headquarters located at 170 West Electron Road, Suite 125, Draper, Utah 84020 and conducting business in the state of Florida.

13. Defendant, ALLIED INTERSTATE, LLC, is a foreign limited liability company with its headquarters located at 12755 Highway 55, Suite 300, Plymouth, Minnesota, 55411 and which conducts business in the state of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. Defendants are "creditors" as defined in Florida Statute §559.55(5).

16. Defendant, ALLIED INTERSTATE, LLC, is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

3

17. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692a(5).

18. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (904) *** - 9554, and was the called party and recipient of Defendants' hereinafter described calls.

19. In or about December of 2015, Plaintiff began receiving calls to his aforementioned cellular telephone from Defendants seeking to recover an alleged debt.

20. Upon receipt of the calls from the Defendants, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number: (877) 498-8563, and when that number is called, a live agent answers and says "Thank you for calling Allied Interstate."

21. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because when he answered a call from the Defendant he would hear either an extended pause before a representative would come on the line, or an automated message telling him the call was Synchrony Bank and it was very important that he contact them.

22. Furthermore, some or all of the calls at issue were placed by the Defendants using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

23. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

24. Defendants attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

25. In or about February of 2016, Plaintiff received a call from the Defendant, Synchrony Bank, met with an extended pause, eventually was connected to a live representative, and informed that agent/representative of Synchrony Bank that he disputed the alleged debt and wished to talk with a manager, the agent responded that he would need to call a separate telephone number, and Plaintiff demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

26. During the aforementioned phone conversation in or about February of 2016 with Synchrony Bank's agent/representative, Plaintiff unequivocally revoked any express consent Defendants may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

27. Each subsequent call the Defendants made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

28. Each subsequent call the Defendants made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

29. Additionally, in or about April of 2016, due to continued automated calls to his aforementioned cellular telephone number from the Defendant, Allied Interstate, Plaintiff again answered a call from Defendant, met with an extended pause, was eventually connected to a live agent/representative of Defendant, the agent/representative informed Plaintiff that the agent/representative was with Allied Interstate attempting to collect a debt on behalf of Synchrony Bank, Plaintiff responded that they were calling him up to five times per day, and informed the agent/representative of Defendant that he had previously informed them not to call his cellular phone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

30. Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendants may have had to call his aforementioned cellular telephone number.

31. On at least three (3) separate occasions, Plaintiff has either answered a call from Defendants or returned a call to Defendants regarding his account, held the line to be connected to a live representative, and demanded that Defendants cease placing calls to his aforementioned cellular telephone number. His principal reason for answering these calls and making these demands of Allied Interstate and Synchrony Bank was the cumulative injury and annoyance he suffered from the calls placed by Allied Interstate

and Synchrony Bank. These injuries are further described in paragraphs 32 through 39 herein.

32. Each of the Plaintiff's requests for the harassment to end were ignored.

33. From about February of 2016 through the filing of this Complaint, Defendants have placed approximately four hundred (400) actionable calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of one-hundred seventeen (117) calls from April 8, 2016 through May 16, 2016).

34. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

35. From each and every call placed without express consent by Defendants to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

36. From each and every call without express consent placed by Defendants to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendants' call.

37. From each and every call placed without express consent by Defendants to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's

cellular phone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Defendants to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

39. Each and every call placed without express consent by Defendants to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

40. Each and every call placed without express consent by Defendants to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

41. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

42. Defendants' corporate policies are structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendants they do not wish to be called.

43. Defendants' corporate policies provided no means for Plaintiff to have Plaintiff's number removed from Defendants' call list.

44. Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

45. Defendants have numerous complaints against them across the country asserting that their automatic telephone dialing systems continue to call despite being requested to stop.

46. Defendants have had numerous complaints against them from consumers across the country asking to not be called; however, Defendants continue to call these individuals.

47. Defendants violated the TCPA with respect to the Plaintiff.

48. Defendants willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

49. Plaintiff incorporates Paragraphs one (1) through forty-six (46) above as fully stated herein.

50. Defendant, Synchrony Bank, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

51. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial

9

voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

52. Plaintiff incorporates Paragraphs one (1) through forty-six (46) above as fully stated herein.

53. At all times relevant to this action Defendant, Synchrony Bank, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

54. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

55. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

56. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

## COUNT III
### (Violation of the TCPA)

57. Plaintiff incorporates Paragraphs one (1) through forty-six (46) above as fully stated herein.

58. Defendant, Allied Interstate, LLC, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

59. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

## COUNT IV
### (Violation of the FCCPA)

60. Plaintiff incorporates Paragraphs one (1) through forty-six (46) above as fully stated herein.

61. At all times relevant to this action Defendant, Allied Interstate, LLC, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

62. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

63. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

64. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

## COUNT V
### (Violation of the FDCPA)

65. Plaintiff incorporates Paragraphs one (1) through forty-six (46) above as fully stated herein.

66. At all times relevant to this action Allied Interstate, LLC is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

67. Allied Interstate, LLC has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

68. Allied Interstate, LLC has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

69. Allied Interstate, LLC has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully Submitted,

*s/Shaughn C. Hill*
Shaughn C. Hill, Esquire
Florida Bar No.: 105998
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505

_____
Shill@ForThePeople.com
LCrouch@ForThePeople.com
Attorney for Plaintiff